UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SEGOVIA<br><br>    Plaintiff,<br><br>v.<br><br>PETERS, et al.,<br><br>    Defendants. | CASE No. 1:17-cv-00053-MJS (PC)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 15)**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

Plaintiff initiated this action on October 10, 2014 in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) On January 12, 2017, the assigned Magistrate Judge screened Plaintiff's complaint and concluded that the only cognizable claims alleged therein run against Defendant Peters and arose at Kern Valley State Prison. (ECF No. 13.) Accordingly, the Magistrate Judge concluded that service is appropriate only on Defendant Peters and dismissed the

remaining claims. (Id.) The matter was transferred to the Fresno Division. (Id.)

On January 17, 2017, the undersigned ordered Plaintiff to submit service documents within thirty days. (ECF No. 15.) Plaintiff did not respond and, on February 28, 2017, he was ordered to show cause why the action should not be dismissed for failure to obey a court order and failure to prosecute. (ECF No. 16.) On March 23, 2017, these orders were sent to Plaintiff at his address on record with the California Department of Corrections and Rehabilitation's inmate locator, with instructions that Plaintiff respond to the order to show cause within fourteen days. (ECF No. 17.) The fourteen day deadline passed without Plaintiff responding to the order to show cause, submitting service documents, or seeking an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need

| | |
|---|---|
| 1 | to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy |
| 2 | favoring disposition of cases on their merits, and (5) the availability of less drastic |
| 3 | alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 |
| 4 | F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53. |
| 5 |     In the instant case, the public's interest in expeditiously resolving this litigation |
| 6 | and the Court's interest in managing its docket weigh in favor of dismissal. The third |
| 7 | factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a |
| 8 | presumption of injury arises from the occurrence of unreasonable delay in prosecuting |
| 9 | this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- |
| 10 | public policy favoring disposition of cases on their merits -- is greatly outweighed by the |
| 11 | factors in favor of dismissal discussed herein. Finally, as for the availability of lesser |
| 12 | sanctions, at this stage in the proceedings there is little available which would constitute |
| 13 | a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not |
| 14 | paid the filing fee for this action and is likely unable to pay, making monetary sanctions |
| 15 | of little use. |
| 16 |     Accordingly, it is HEREBY ORDERED THAT: |
| 17 | 1. The action is DISMISSED, with prejudice, for failure to comply with the |
| 18 | Court's order (ECF Nos. 15) and failure to prosecute; and |
| 19 | 2. The Clerk of Court is directed to terminate all pending motions and close |
| 20 | the case. |
| 21 | |
| 22 | IT IS SO ORDERED. |
| 23 | Dated: April 23, 2017      /s/ *Michael J. Seng* |
| 24 | UNITED STATES MAGISTRATE JUDGE |